UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

NICHOLAS DANIEL FRITSCH,

    Plaintiff,

v.                      Case No. 21-C-1315

ALLEAH PYNENBERG,
SGT. ROZMARYNOSKI,
BEBO, and JOHN DOE,

    Defendants.

___

## SCREENING ORDER

___

    Plaintiff Nicholas Daniel Fritsch, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Fritsch's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Fritsch has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Fritsch has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $41.19. Fritsch's motion for leave to proceed without prepaying the filing fee, Dkt. No. 2, is granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Fritsch, on August 4, 2021, he cut himself with a razor and informed Defendant Alleah Pynenberg, who worked in the psychological services unit (PSU), that he would continue to harm himself if he was not placed in restraints. Rather than being placed in restraints, Fritsch was placed under the constant observation of an officer. Fritch alleges that about six hours later, he told Defendant Bebo, who was his "constant observation officer," that he felt like self-harming and needed to be placed in restraints. Fritch also allegedly told John Doe to inform PSU that he was going to self-harm. Dkt. No. 1 at 2.

Fritsch states that, about ten minutes later, he made a four-inch long and a quarter-inch deep cut in his left arm. Fritsch asserts that he showed the cut to Bebo through his cell window, but she walked by and said she was busy. According to Fritsch, he tried to not further injure himself, but he eventually showed Bebo the razor and cut his right arm in front of his cell door window. It is not clear how Bebo responded, but she allegedly came back later to look at paperwork. At that time, Fritch allegedly cut a deep gash in his calf while "they" were watching. Fritsch does not clarify who, other than Bebo, was present when he cut his calf. Dkt. No. 1 at 3.

Fritsch asserts that he went to the hospital many times, went into shock from blood loss, and received twenty-five stitches. Fritsch was apparently placed in restraints at some point. He alleges that Defendant Rozmarynoski failed to secure his ankle restraint, so he was able to swing his leg over the side "to injure it more and prevent clotting." Dkt. No. 1 at 3.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403 at *2 (E.D.

3

Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of serious harm violates the Eighth Amendment, not every claim by a prisoner that he did not receive adequate care will succeed. *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To prevail on such a claim, a plaintiff will have to provide evidence showing that "(1) his medical need was objectively serious, and (2) the defendant[] consciously disregarded this need." *Berry v. Lutsey*, 780 F. App'x 365, 368-69 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834).

Further, the Seventh Circuit has explained that prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. Cty. of Madison*, 746 F.3d 766, 775-76 (7th Cir. 2014). But before an official will be liable for ignoring a risk of self-harm, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 Fed. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted). The question of when that risk of future harm becomes "sure or very likely to give rise to sufficiently imminent dangers" depends on the circumstances of the case. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 546-47 (7th Cir. 2006) (explaining that "at some point," to ensure a prisoner is not "seriously endangering his health," prison officials would have a duty and right to step in and force a prisoner on a hunger strike to take nourishment).

The Court will allow Fritsch to proceed on an Eighth Amendment claim against Bebo based on his allegations that she repeatedly ignored his threats of self-harm after he showed her that he had a razor blade and cut himself in front of her.

However, Fritsch fails to state a claim against the remaining Defendants. As to Pynenberg, Fritch alleges that, after he informed her that he felt like self-harming, he was placed on "constant observation," meaning an officer would maintain constant watch over him in an effort to keep him

4

from harming himself. Although Fritsch asserts that he expressed his preference to be placed in restraints, an official responding to an inmate's needs "is free to make his own, independent medical determination as to the necessity of certain treatments . . . ." *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012). According to Fritsch, Pynenberg did not ignore the risk of self-harm; instead, she ordered that he be placed under the constant watch of an officer. Even though the steps she ordered failed to prevent Fritsch from harming himself, that is not enough for the Court to reasonably infer that she was deliberately indifferent to the risk he posed to himself. *See Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002) ("prison officials who actually knew of a substantial risk to inmate health or safety are free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that they were deliberately indifferent").

Fritsch also fails to state a claim against John Doe. Fritsch alleges only that he told Doe to inform PSU that he wanted to hurt himself. Fritsch is silent on how Doe responded, but even if he ignored Fritsch's statement, Fritsch would fail to state a claim. As the Seventh Circuit has explained, to state a claim the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair*, 714 Fed. App'x at 606 (internal quotation marks omitted). At the time Fritsch spoke to John Doe, he was under the constant observation of an officer and nothing in Fritsch's complaint suggests that Doe had reasons to suspect that Fritsch had the means to seriously harm himself before the observation officer could intervene. Finally, Fritsch's order that Doe go notify PSU suggests that Fritsch had thoughts of harming himself in the future, which precludes a reasonable inference that Doe recklessly disregarded a significant risk of *imminent* self-harm.

Finally, Fritsch fails to state a claim against Rozmarynoski, who he alleges failed to secure his leg restraint. As a result of the improperly secured restraint, Fritsch allegedly swung his leg

around and reopened the cut on his leg. Even if Rozmarynoski's failure to secure the restraint was not merely negligent, Fritsch fails to state a claim because the Court cannot reasonably infer that Rozmarynoski would have known that Fritsch faced a serious risk of injury from an improperly secured leg restraint. Nor can the Court reasonably infer from Fritsch's vague allegations that he suffered an objectively serious injury as a result of Rozmarynoski's actions. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) ("not every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim"); *see also Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (explaining that deliberate indifference to a risk of harm is not compensable without evidence of injury).

Accordingly, the Court will allow Fritsch to proceed on an Eighth Amendment claim against Bebo, but it concludes that he fails to state a claim against the remaining Defendants.

**IT IS THEREFORE ORDERED** that Fritsch's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and his motion for an extension of time to pay the initial partial filing fee (Dkt. No. 14) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Alleah Pynenberg, Sgt. Rozmarynoski, and John Doe are **DISMISSED** based on Fritsch's failure to state a claim against them upon which relief can be granted.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Fritsch's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Bebo.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Bebo shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Fritsch shall collect from his institution trust account the $308.81 balance of the filing fee by collecting monthly payments from Fritsch's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Fritsch is transferred to another institution, the transferring institution shall forward a copy of this Order along with Fritsch's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Fritsch is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Fritsch is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Fritsch may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 5th day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge