UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS DANIEL FRITSCH,

    Plaintiff,

v.                                  Case No. 21-C-1315

ALLEAH PYNENBERG,
MICHELLE BEBO, and
CO JENSEN,

    Defendants.

## SCREENING ORDER

Plaintiff Nicholas Daniel Fritsch, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On January 5, 2022, the Court screened Fritsch's complaint and allowed him to proceed on an Eighth Amendment claim. About a week later, Fritsch informed the Court that his complaint contained errors. The Court gave Fritsch leave to file an amended complaint, which he did on January 28, 2022. The Court will screen the amended complaint. *See* 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the

Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

According to Fritsch, on August 4, 2021, despite being on constant observation with an officer maintaining a constant line of sight, Fritsch used a razor to cut himself. Fritsch does not explain how he obtained a razor, how the officer responded when Fritsch cut himself, or what happened to the razor after he cut himself. Fritsch asserts that he told Defendant Alleah Pynenberg

2

Case 1:21-cv-01315-WCG   Filed 02/07/22   Page 2 of 5   Document 25

he would continue to cut himself if he was not placed in restraints. Fritsch asserts that he was not placed in restraints. Dkt. No. 24 at 2.

According to Fritsch, more than five hours later, he informed Defendant Corrections Officer Jenson, who was his constant observation officer that he felt like self-harming and wanted to be placed in restraints. Jenson allegedly ignored Fritsch's demand, so Fritch allegedly asked Defendant Sergeant Michelle Bebo to talk to Pynenberg. Fritsch asserts that, about ten minutes after informing Jenson and Bebo that he was suicidal, he cut a four-inch long and quarter inch deep cut in his arm. Fritsch allegedly showed the cut to Jenson and Bebo, who both did nothing. Fritsch alleges that, about twenty minutes later, he showed Bebo a razor and cut his other arm. Bebo allegedly only stopped at his cell to look at his paperwork. He asserts that he again showed Jenson and Bebo the razor and cut a gash in his calf. Again, Bebo and Jenson allegedly did nothing. Fristch states that he was "bleeding out" for more than an hour. Eventually, Fritsch allegedly went into shock from blood loss. He received twenty-five stitches and was "tied down for 6 days straight and was minutes from losing [his] life." Dkt. No. 24 at 2-3.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The Seventh Circuit has explained that prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. Cty. of Madison*, 746 F.3d 766, 775-76 (7th Cir. 2014). But before an official will be liable for ignoring a risk of self-harm, the "risk of future harm must

3

be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 Fed. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted).

The Court will allow Fritsch to proceed on an Eighth Amendment claim against Bebo and Jenson based on allegations that they repeatedly ignored Fritsch's threats and acts of self-harm after he showed them that he had a razor and after he cut himself in front of them.

However, Fritsch fails to state a claim against Pynenberg. He alleges only that he informed her that he wanted to be placed in restraints. The Court cannot reasonably infer from this single allegation that Pynenberg knew Fritsch was in "imminent" danger of self-harming. In fact, Fritsch's allegations show that he was *not* in imminent danger—he explains that he did not self-harm until more than five hours after he talked to Pynenberg. Nor can the Court reasonably infer that Pynenberg had the authority to provide Fritsch with the request he sought. Fritsch's amended complaint does not allege who Pynenberg is or why he was talking to her. But even if Pynenberg could have ordered that Fritsch be restrained, an official responding to an inmate's needs "is free to make [her] own, independent medical determination as to the necessity of certain treatments . . . ." *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012). Fritsch's statements to Pynenberg were not ignored; he explains that he remained under constant observation with an officer maintaining a constant line of sight. Although Fritsch allegedly showed Bebo and Jenson a razor, nothing suggests that Pynenberg knew Fritsch had a razor, so the Court cannot reasonably infer that Pynenberg knew that constant observation rather than restraints was inadequate to keep Fritsch safe from himself. *See Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002) ("prison officials who actually knew of a substantial risk to inmate health or safety are free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that they were deliberately indifferent"). Pynenberg will be dismissed from this action.

4

**IT IS THEREFORE ORDERED** that Alleah Pynenberg is **DISMISSED** based on Fritsch's failure to state a claim against her.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Fritsch's amended complaint (Dkt. No. 24) and this order are being electronically sent today to the Wisconsin Department of Justice for service on Bebo and Jensen.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Bebo and Jensen shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin this 4th day of February, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5

Case 1:21-cv-01315-WCG   Filed 02/07/22   Page 5 of 5   Document 25