UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICHOLAS DANIEL FRITSCH,

    Plaintiff,

    v.                                 Case No. 21-C-1315

MICHELLE BEBO, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Nicholas Daniel Fritsch is incarcerated at Green Bay Correctional Institution and representing himself in this 42 U.S.C. §1983 action. On April 5, 2022, the Court entered a scheduling order setting a discovery cutoff of September 2, 2022. On May 23, 2022, Fritsch filed a motion to compel. He filed a second motion to compel a couple of weeks later, on June 6, 2022. The Court denied both motions as premature. On June 15, 2022, Fritsch filed a third motion to compel. Defendants responded about a week later, on June 22, 2022, explaining that they had timely mailed their responses on June 14, 2022. On June 24, 2022, Fritsch asked the Court to "please disregard" his most recent motion to compel. Dkt. No. 53. Fritsch also asks, for the third time, that the Court recruit an attorney to represent him. He explains that he is feeling suicidal and overwhelmed and does not know how to proceed with his case.

The Court has explained in two prior decisions why Fritsch has the capacity to represent himself at this stage of the case. *See* Dkt. Nos. 23, 37. His claims are relatively straightforward, he has personal knowledge of what happened, and he has effectively communicated why he believes he is entitled to relief. Further, he has consistently advocated for himself, filing multiple motions asking for specific relief. The Court again acknowledges Fritsch's mental health condition, but many

prisoners face similar challenges, and his condition has not interfered with him participating in discovery. As such, his condition is not a sufficient reason on its own for the Court to recruit a volunteer lawyer to represent him.

Fritsch also asserts that he has a limited understanding of how his case should proceed, but few prisoners have prior litigation experience. To assist prisoner plaintiffs with the procedural aspect of their cases, the Court provides them with a guide at the beginning of their cases. Fritsch received the guide along with the screening order, and the Court has previously encouraged him to review it closely. It does not appear that Fritsch has done so. Many of the questions he includes in his motion—such as how to file a summary judgment motion—are addressed in the guide. Further, the Court has in prior decisions explained the discovery process and the parties' obligation to confer with one another before seeking the Court's intervention. Fritsch's failure to review and follow the guidance provided to him is not a sufficient basis for the Court to conclude that he lacks the capacity to represent himself.

Fritsch's biggest misunderstanding appears to be about the pace of litigation. His filing of multiple motions seeking the same relief in a short period of time and his requests that this case be resolved before he is released in August 2022 betrays an unrealistic view of how the case will proceed. As noted, the discovery cutoff is September 2, 2022. This date was set to allow the parties sufficient time to gather evidence. The Court extended the parties' time to respond to discovery requests from thirty days to sixty days because of the unique challenges in prisoner cases. Mail is often delayed and the gathering of evidence can be challenging. These circumstances require the parties to be patient and work with one another in good faith during discovery. There is no need to involve the Court immediately after a deadline passes (and certainly not *before* a deadline passes). The parties should communicate with one another when issues arise and be patient when waiting for a response.

2

Case 1:21-cv-01315-WCG   Filed 07/05/22   Page 2 of 3   Document 54

Finally, although Fritsch believes he is ready to file a summary judgment motion, doing so before discovery closes would be premature, as Defendants have not yet had a full opportunity to investigate his claims and prepare their defense. Accordingly, if Fritsch chooses to file a summary judgment motion, he should wait until after discovery closes. The Court reminds Fritsch that, while he *may* file a summary judgment motion, he is not required to do so. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden. If Defendants file a summary judgment motion, the case will survive and proceed to trial if Fritsch is able to demonstrate in his response materials that there is a dispute of material fact. Fritsch has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. If neither party files a summary judgment motion, the case will proceed to trial.

In short, Fritsch has failed to identify any circumstances that alter the Court's previous conclusion that he is capable of representing himself through the briefing of summary judgment. If circumstances change, he may renew his request, but he must be specific about what challenges he faces and what efforts he has made to overcome those challenges.

**IT IS THEREFORE ORDERED** that Fritsch's third motion to compel (Dkt. No. 51) is **DENIED** based on Fritch's request to disregard the motion and his third motion to appoint counsel (Dkt. No. 53) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 5th day of July, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge